# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EXPRESS DENTAL CARE, LLC,

    Plaintiff,

v.                                         CASE NO: 8:08-cv-1607-T-26MAP

ERNEST RODRIGUEZ, JR., et al.,

    Defendants.
_____/

## **O R D E R**

Pending before the Court is Plaintiff's opposed motion to voluntarily dismiss this case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. According to Plaintiff, "dismissing the instant case will permit the parties to litigate all of their claims in one jurisdiction, thus preserving the resources of both parties and this Court by not having to litigate the same or similar claims in two simultaneous proceedings." Upon due consideration of Plaintiff's submission, together with the procedural history of this case, the Court is of the opinion that the motion is due to be denied, thus relieving Defendants of the costs associated with preparing and filing a response.

Plaintiff initiated this case by filing its original complaint on August 15, 2008.[1] Since then, Plaintiff has been allowed to amend its complaint on three separate occasions.[2] On October 16, 2008, the Court entered a case management and scheduling order imposing certain deadlines with regard to third party joinder and amending pleadings, discovery, and filing dispositive

---

[1] See docket 1.

[2] See dockets 27, 29, and 52.

motions, as well as scheduling this case for a pretrial conference on December 1, 2009, and for jury trial during the January 2010 trial month commencing January 4, 2010.[3]

On April 3, 2009, this Court entered an order denying Plaintiff's motion for leave to file yet another amended complaint.[4] The Court did, however, grant a portion of the motion seeking an amendment to the case management and scheduling order by extending the time to file dispositive motions until October 31, 2009.

Yesterday, July 23, 2009, Defendants' counsel filed a notice of pendency of related actions advising the Court that on July 16, 2009, Plaintiff filed in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, a complaint against the same Defendants involved in this case that was virtually identical to the amended complaint the Court had denied Plaintiff leave to file in this case.[5] As a consequence, the Court entered an order scheduling a status conference for Thursday, August 13, 2009, at 9:30 a.m.[6] Shortly after entry of that order, Plaintiff filed its motion to voluntarily dismiss this case.

In the motion, Plaintiff's counsel candidly admits that the state court action was filed in reaction to this Court's denial of the motion for leave to file an amended complaint, that the "Complaint in the State Court Action pleads most of the same causes of action as are currently at issue in the present lawsuit, as well as those claims that were not allowed to be included by amendment in the instant action," and was designed "to allow the parties to litigate all of the valid claims that exist between the parties in one forum." In light of these admissions, there can

---

[3] See docket 34.

[4] See docket 62.

[5] Compare attachment to docket 61 with attachment to exhibit 63.

[6] See docket 64.

be no question that Plaintiff's counsel is engaging in the most blatant form of forum shopping in a clear effort to obviate the prior order of this Court denying leave to file an amended complaint. This Court will not, under any circumstances, sanction such an act of defiance in response to a court order by allowing Plaintiff to voluntary dismiss this case in favor of prosecuting its claims in the parallel state court proceeding, especially when this case is on a well defined time track to be tried in January of 2010.

More important, however, is the fact that by granting Plaintiff's motion, the Court would be acting contrary to well established legal jurisprudence which dictates, in the absence of compelling reasons, that the court initially seized of a controversy should be the one to decide the case no matter whether the competing courts are both federal courts or a federal and state court with concurrent jurisdiction.  See Merrill Lynch, Pierce, Fenner & Smith v. Haydu, 675 F.2d 11691174 (11th Cir. 1982) (citing Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403 (5th Cir. 1971)); accord Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).  In this case, there are absolutely no compelling reasons which would cause this Court to stay its jurisdictional hand in favor of the recently filed state court action.  Accordingly, Plaintiff's opposed Motion for Voluntary Dismissal Without Prejudice (Dkt. 66) is denied.

**DONE AND ORDERED** at Tampa, Florida, on July 24, 2009.

        s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record